FILED

May 10 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0728

DA 15-0728

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 107N

MONTANA OPTICOM, LLC,

       Plaintiff and Appellant,

   v.

HOLSINGER P.C., JOHN HOLT,
and WILLIAM R. COLLIER,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-15-507A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John H. Tarlow, Matt J. Pugh, Tarlow & Stonecipher, PLLC,
Bozeman, Montana

      For Appellees:

          David M. Wagner, Matthew M. Hibbs, Crowley Fleck, PLLP,
Bozeman, Montana

Submitted on Briefs:  April 13, 2016

Decided:  May 10, 2016

Filed:

                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Montana Opticom appeals from the District Court's order filed October 23, 2015, dismissing the case. We affirm.

¶3 On July 1, 2015, Opticom filed a complaint in the Montana Eighteenth Judicial District Court in Gallatin County. Opticom asserted claims against Holsinger, Holt and Collier (collectively, Holsinger) arising from two contracts between the parties. Holsinger moved to dismiss because of a June 23, 2015 action brought by Holsinger against Opticom and others in the Court of Common Pleas, Allegheny County, Pennsylvania. The District Court dismissed the Montana action as a matter of comity, in favor of the previously-filed action in Pennsylvania. A district court may decline to exercise jurisdiction over an action, as a matter of comity, in favor of a previously-filed action in another jurisdiction. The "first-to-file" rule is a matter of judicial administration designed to promote efficiency and avoid conflicting judgments that a district court applies as a matter of sound judicial discretion. *Wamsley v. Nodak Mut. Ins. Co.*, 2008 MT 56, ¶¶ 30-33, 341 Mont. 467, 178 P.3d 102.

¶4 The District Court examined the two actions, finding that the broader action in Pennsylvania included claims involving the same contracts between Opticom and Holsinger. While Holt and Collier are not named individually in the Pennsylvania action, they are officers of Holsinger P.C. and Opticom could bring claims against them individually in that action. The District Court concluded that there was identity of parties and issues between the two cases sufficient to permit application of the first-to-file rule.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the issue in this case presents a question of judicial discretion and there clearly was not an abuse of discretion.

¶6 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA